**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **DERICO GOLDEN** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-cv-2463-SHM-tmp |
| v. | ) | |
| | ) | |
| **MIRABILE INVESTMENT CORP.** | ) | |
| d/b/a BURGER KING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff Derico Golden's Motion to Correct or Modify the Record, filed on August 15, 2017. (ECF No. 91.) Plaintiff seeks to correct omissions from the record under Federal Rule of Appellate Procedure 10(e). (Id. at 1328.)[1] Plaintiff addresses the deposition he filed on November 30, 2015, in response to Defendant Mirabile Investment Corp.'s ("MIC") Motion for Summary Judgment. (Id. at 1328.) Plaintiff asserts that the deposition was taken over two days, and that on the second day the reporter restarted the page numbers. (Id.) Plaintiff contends that "numerous pages [of the deposition submitted to the Court] were omitted by error or accident, because there were two sets of the same page

---

[1] Unless otherwise noted, all in-cite page numbers refer to the PageID number.

numbers." (Id. at 1328-29.) Defendant filed its response on August 25, 2017, in which it argued that Plaintiff's motion should be denied because the "pages of [Plaintiff's] deposition transcript that Plaintiff is arguing should now be included" "were never before the Court." (ECF No. 92 at 1333.)

For the reasons stated below, the Court DENIES Plaintiff's Motion to Correct or Modify the Record.

### I. Background

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, as amended by 42 U.S.C. § 1981a, alleging discrimination on the basis of race and sex, and the Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. §§ 626 et seq., alleging discrimination on the basis of age. Plaintiff voluntarily dismissed his claim under the ADEA on November 30, 2015. (ECF No. 40.)

On July 1, 2016, the Court entered an Order granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 46.) The Court granted summary judgment on Plaintiff's hostile work environment claim; his claim that he was discriminated against based on race and sex with regard to promotions, bonuses, raises, leave, different job assignments, and different job standards; and his claim that he was terminated based on sex. (Id. at 437.) The Court denied summary judgment on Plaintiff's claim that he was terminated based on race. (Id.)

2

On February 27, 2017, a jury found Defendant not liable on Plaintiff's claim that he was terminated on the basis of race, and the Court entered judgment in favor of Defendant. (ECF No. 76.) Plaintiff appealed, and that appeal is pending before the United States Court of Appeals for the Sixth Circuit.

Plaintiff now seeks permission to submit deposition excerpts from Plaintiff's deposition transcripts that Plaintiff previously omitted. Defendant opposed the motion on August 25, 2017. (ECF No. 92.)

**II. Legal Standard**

Federal Rule of Appellate Procedure 10(e) provides:

> (e) Correction or Modification of the Record.
>
> > (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> >
> > (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
> >
> > > (A) on stipulation of the parties;
> > >
> > > (B) by the district court before or after the record has been forwarded; or
> > >
> > > (C) by the court of appeals.
> >
> > (3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

"Normally the record on appeal consists of 'the original papers and exhibits filed in the district court,' 'the transcript of proceedings, if any' and 'a certified copy of the docket entries prepared by the district clerk.'" Fed. R. App. P. 10(a). "However, 'if anything material to either party is omitted from or misstated in the record by error or accident,' the rule allows 'the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded.'" Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003)(quoting Fed. R. App. P. 10(e)(2)). Rule 10(e) allows correction of the record by agreement of the parties, by order of the district court, or by order of the court of appeals." Id. (citing Fed. R. App. P. 10(e)(2)). It "is clear from the rule's wording, '[t]he purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" Id. (quoting S & E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982)); see also Canaday v. Kelley, No. 93-1860, 1994 WL 567512 at *11 (6th Cir. Oct.14,1994) ("Fed. R. App. P. 10(e) allows modification of the record in only two instances; namely, when the parties dispute whether the record actually discloses what occurred in the district court and when a material matter is omitted by error or accident"); Fassett v.

4

Delta Kappa Epsilon (New York), 807 F.2d 1150, 1165 (3rd Cir. 1986) ("It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review"). "'In general, the appellate court should have before it the record and facts considered by the District Court.'" Inland Bulk Transfer Co., 332 F.3d at 1012 (quoting United States v. Barrow, 118 F.3d 482, 487 (6th Cir. 1997)).

**III. Analysis**

Plaintiff has not met the requirements of Rule 10(e). Plaintiff does not explain why the additional deposition pages were material to his response to Defendant's Motion for Summary Judgment. More importantly, permitting Plaintiff to amend the record with evidence not previously admitted and not considered by the Court in deciding summary judgment would improperly introduce new evidence into the appellate record. Inland Bulk Transfer Co., 332 F.3d at 1012.

In its July 1, 2016 Order on Defendant's Motion for Summary Judgment, the Court noted the absence of support in the record for arguments Plaintiff made in his response. (ECF No. 46 at 414 nn.1-3 ("The pages of Golden's deposition that the Response cites to support his contention have not been filed or contain

5

irrelevant information;" "The pages of Golden's deposition that the Response cites have not been filed.") Not later than July 1, 2016, it was clear that evidence plaintiff cited was not in the record and that the Court was not considering it. (Id.) The evidence itself, even if considered, would not have been material to the Court's decision on summary judgment. The Court denied summary judgment on Plaintiff's claim that he was terminated based on his race. (Id. at 422.) The Court granted summary judgment on Plaintiff's unequal pay claim because his contentions, even if they had been supported by the record, did not constitute direct evidence of discrimination. (Id. at 428-29.) The Court granted summary judgment on Plaintiff's hostile work environment claim and on all of his other Title VII claims because Plaintiff did not raise those claims in his EEOC charge. (Id. at 422-23.) Considering the deposition pages Plaintiff now seeks to include would not have altered the Court's decision.

The Court did not consider the content of the missing pages in its decision. Amending the record to include the immaterial missing pages, after summary judgment, jury trial, and entry of judgment would improperly introduce new evidence into the appellate record. Chrysler Intern. Corp. v. Cherokee Export Co., 134 F.3d 370 (Table), 1998 WL 42488, at *3 (6th Cir. 1998)

6

(per curiam) (Moore, J., concurring) (emphasizing that district court erred under Rule 10(e) by supplementing record with missing and unnecessary deposition materials). The appellate court would have before it a record and facts not considered by the district court.

Plaintiff's Motion to Correct or Modify the Record is DENIED.

**IV. Conclusion**

Plaintiff's Motion to Correct or Modify the Record is DENIED.

So ordered this 31st day of August, 2017.

                                           /s/ Samuel H. Mays, Jr.
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT COURT JUDGE